**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                          :
HASBRO, INC.,                             :
                                          :
                  Plaintiff,              :
                                          :        Case No:
         v.                               :
                                          :        COMPLAINT
DC COMICS and WARNER BROS.                :
ENTERTAINMENT INC.,                       :
                                          :
                  Defendants.             :
                                          :
------------------------------------------------------- x
```

Plaintiff Hasbro, Inc. ("Hasbro"), by and through its undersigned attorneys, for the Complaint in this action alleges as follows:

**THE PARTIES**

1.      Hasbro is a corporation organized under the laws of Rhode Island, with its principal place of business at 1027 Newport Avenue, Pawtucket, Rhode Island 02861.

2.      On information and belief, defendant DC Comics ("DC Comics") is a partnership organized under the laws of New York, with a principal place of business at 2900 West Alameda Avenue, Burbank, California 91505.

3.      On information and belief, defendant Warner Bros. Entertainment Inc. ("Warner Bros.") is a corporation organized under the laws of Delaware, with a principal place of business at 4000 Warner Boulevard, Building 168, Burbank, California 91522 (together with DC Comics, the "Defendants").

## JURISDICTION AND VENUE

4.     This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*; the New York General Business Law, N.Y. Gen. Bus. Law §§ 349, 350 and 360-L; and the common law of the State of New York.

5.     The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.     This Court has personal jurisdiction over the Defendants because they have committed and threaten to commit trademark infringement and other torts in this district; have caused injury to Hasbro and its property in this district; and have purposely and directly targeted their activities at this district.  Further, DC Comics is a New York state partnership.

7.     Venue is proper in this district under 28 U.S.C. § 1391.

## THE BUMBLEBEE TRADEMARK

8.     Hasbro is a leading toy and game manufacturer and branded entertainment company and has been engaged for decades in the creation, manufacture and sale of toys and games, television programming, motion pictures, and digital gaming.  Hasbro also runs a comprehensive intellectual property licensing program.

9.     Among Hasbro's many toy franchises is the renowned TRANSFORMERS franchise.  The TRANSFORMERS characters are robots with the unique ability to convert their appearance into that of vehicles, weapons, humans, animals and other items.

10.     One of the featured characters of Hasbro's TRANSFORMERS franchise for over thirty-three (33) years is the BUMBLEBEE character.  As an original character in the first TRANSFORMERS toy set, Hasbro's BUMBLEBEE is a primary character, and is often depicted as a hero in the franchise.

11.     Hasbro's BUMBLEBEE character and name have been used and featured in numerous television series, motion pictures, television commercials, comic books, manga, children's books, video games, arcade games, and mobile apps, and is central to the TRANSFORMERS franchise.

12.     Since at least as early as October 3, 1983, Hasbro has used BUMBLEBEE as a trademark in U.S. commerce in connection with an array of toys embodying the BUMBLEBEE character, including toy action figures, toy vehicles, and convertible toy robots that can change shape (the "Hasbro Toys"). Since at least as early as December 2011 Hasbro has used BUMBLEBEE as a trademark in U.S. commerce in connection with building block construction sets (collectively with the Hasbro Toys the "Hasbro Goods").

13.     The Hasbro Goods are primarily intended for children.

14.     Hasbro is the owner of all right, title and interest in and to the trademark BUMBLEBEE for the Hasbro Goods (the "BUMBLEBEE Trademark").

15.     Hasbro is the owner of the following federal trademark registration for the BUMBLEBEE Trademark (the "BUMBLEBEE Trademark Registration") and owns all right, title and interest in and to the subject mark thereof and all goodwill associated therewith:

| MARK | REG. NO. | GOODS | STATUS |
|------|----------|-------|--------|
| BUMBLEBEE | 4,874,521 | Class 28: Toy action figures, toy vehicles and toy robots convertible into other visual toy forms. | Registered December 22, 2015 (based on use since October 3, 1983) |

16.    A printout from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") Database showing the current status of the BUMBLEBEE Trademark Registration is annexed hereto as Exhibit A.

17.    Hasbro and its licensees have used, advertised, promoted, distributed and sold the Hasbro Toys in connection with the BUMBLEBEE Trademark in interstate commerce since at least as early as October 3, 1983 and have used, advertised, promoted, distributed and sold building block construction sets in connection with the BUMBLEBEE Trademark in interstate commerce since at least as early as December 2011.

18.    Evidence of Hasbro's use of the BUMBLEBEE Trademark in connection with the Hasbro Toys and of the BUMBLEBEE Trademark in connection with a building block construction set are annexed hereto as Exhibit B.

19.    Hasbro enjoys significant annual sales of the Hasbro Goods advertised, distributed and sold in connection with the BUMBLEBEE Trademark.

20.    Hasbro spends a substantial amount of money to advertise and promote the Hasbro Goods in connection with the BUMBLEBEE Trademark.

21.    Hasbro's BUMBLEBEE character has been the subject of considerable unsolicited media attention and acclaim.  For example, *Transformers: Robots in Disguise*, in which BUMBLEBEE is the lead protagonist, was nominated for a 2016 Daytime Emmy for

4

Outstanding Special Class Animated Program, and IGN Entertainment, a leading game and entertainment media outlet, ranks the BUMBLEBEE character as fourth on its list of "The Top 25 TRANSFORMERS" characters.

22.     As a result of Hasbro's continuous efforts in marketing, advertising and maintaining the high quality of the Hasbro Goods sold under the BUMBLEBEE Trademark, the BUMBLEBEE Trademark has come to symbolize tremendous goodwill throughout the United States that belongs exclusively to Hasbro.

23.     Consumers recognize the BUMBLEBEE Trademark as identifying the toys, including toy action figures and building block construction sets, manufactured, distributed and sold exclusively by or on behalf of Hasbro.

24.     By virtue of its substantially continuous and exclusive use of the BUMBLEBEE Trademark on the Hasbro Goods, as well as substantial expenditures in marketing and promotion of the BUMBLEBEE Trademark, the BUMBLEBEE Trademark is among the most widely recognized trademarks in the United States, has become well and favorably known and has come to symbolize tremendous and extensive goodwill throughout the United States.

## **DEFENDANTS' BAD ACTS**

25.     On information and belief, Defendants are in the business of marketing and promoting toys associated with Defendants' various entertainment franchises, or licensing others to do so, including toy action figures and building block construction sets which are distributed and sold in interstate commerce.

5

26.     On information and belief, in 2016, Defendants and/or their licensees began using the trademark BUMBLEBEE (the "Accused Mark") in connection with their "Super Hero Girls" line of action toys, including toy action figures and building block construction sets, in United States commerce.

27.     Photos of packaging for the spurious BUMBLEBEE toy action figure marketed, distributed, advertised and sold by or on behalf of Defendants and screenshots of the related product page from shop.mattel.com are annexed hereto as Exhibit C.

28.     The spurious BUMBLEBEE toy action figure marketed, distributed, advertised and sold by or on behalf of Defendants is intended for children and is marketed with a description of its "super powers," namely "enhanced strength, flight, ability to shrink, projects sonic blasts."

29.     The spurious BUMBLEBEE building block construction sets marketed, distributed, advertised and sold by or on behalf of Defendants include a toy vehicle as well as a BUMBLEBEE toy action figure.

30.     Screen shots from shop.lego.com showing the spurious BUMBLEBEE toy building block construction sets and accompanying BUMBLEBEE toy action figure marketed, distributed, advertised and sold by or on behalf of Defendants are annexed hereto as Exhibit D.

31.     Defendants and/or their licensees are using the exact mark that is the subject of Hasbro's BUMBLEBEE Trademark Registration for goods that are identical or closely similar to the goods listed therein and/or goods covered by Hasbro's related common law trademark rights,

including toy action figures, toy vehicles and building block construction sets (the "Accused Goods").

32.     Hasbro's rights in the BUMBLEBEE trademark are prior to any trademark rights Defendants may have in the Accused Mark for the Accused Goods.

33.     Defendants and/or their licensees market, distribute, advertise and sell the Accused Goods under the Accused Mark in the same channels of trade in which Hasbro provides the Hasbro Goods under the BUMBLEBEE Trademark.

34.     Defendants' and/or their licensees' use of the Accused Mark complained of herein began long after Hasbro first adopted the BUMBLEBEE Trademark for the Hasbro Goods and is without authorization from Hasbro.

35.     The Accused Mark is confusingly similar to the BUMBLEBEE Trademark.

36.     Defendants' and/or their licensees' use of the Accused Mark is likely to cause consumers mistakenly to believe that the Accused Goods emanate from or are otherwise associated with Hasbro.

37.     Such improper use of the Accused Mark by Defendants and/or their licensees is likely to cause confusion, mistake and/or deception among the public as to the source of the Accused Goods.

38.     On information and belief, Defendants knew of Hasbro's existing trademark rights in and to the BUMBLEBEE Trademark for the Hasbro Goods before they began making

and/or licensing others to make unauthorized and infringing use of the Accused Mark for the same or closely similar goods.

39.     On information and belief, Defendants commenced use of the Accused Mark for the Accused Goods as described above in bad faith.

40.     On information and belief, Defendants are using the Accused Mark as described above in an attempt to trade on the enormous goodwill associated with the BUMBLEBEE Trademark.

41.     On information and belief, Defendants have used and are using the Accused Mark as described above to identify and attract attention to Defendants' goods and business and to interfere with and disrupt the business and operations of Hasbro operating in United States commerce.

42.     Defendants' acts described herein have caused Hasbro irreparable harm for which it has no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (INFRINGEMENT OF A REGISTERED TRADEMARK UNDER FEDERAL LAW)

43.     Paragraphs 1-42 above are realleged and reincorporated herein by reference as if set forth in full.

44.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark is likely to cause confusion, to cause mistake, and to deceive as to the source, origin or sponsorship of the Accused Goods.

45.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark is likely to cause the public wrongly to associate Hasbro with Defendants, to believe that Hasbro is somehow affiliated or connected with Defendants, and/or to confuse Defendants and their goods with those of Hasbro.

46.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark has caused and threatens Hasbro with irreparable injury for which it has no adequate remedy at law.

47.     Defendants are liable to Hasbro for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER FEDERAL LAW)

48.     Paragraphs 1-47 above are realleged and reincorporated herein by reference as if set forth in full.

49.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark is likely to cause confusion, to cause mistake, and to deceive as to the source, origin or sponsorship of the Accused Goods.

50.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark is likely to cause the public wrongly to associate Hasbro with Defendants, to believe that Hasbro is somehow affiliated or connected with Defendants, and/or to confuse Defendants and their goods with those of Hasbro.

51.     Defendants' and/or their licensees' use and threatened continued use of the Accused Mark has caused and threatens Hasbro with irreparable injury for which it has no adequate remedy at law.

52.     Defendants are liable to Hasbro for trademark infringement in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CAUSE OF ACTION
### (FALSE ADVERTISING UNDER FEDERAL LAW)

53.     Paragraphs 1-52 above are realleged and reincorporated herein by reference as if set forth in full.

54.     Defendants' and/or their licensees' threatened continued use of the Accused Mark and certain representations made in their marketing of the products sold under the Accused Mark constitute false or misleading descriptions of fact with respect to the nature, characteristics, qualities and/or geographic origin of Defendants' goods.

55.     Defendants are liable to Hasbro for false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## FOURTH CAUSE OF ACTION
### (DECEPTIVE ACTS AND PRACTICES UNLAWFUL
### UNDER NEW YORK STATE LAW)

56.     Paragraphs 1-55 above are realleged and reincorporated herein by reference as if set forth in full.

57.     Defendants are liable to Hasbro for deceptive acts and/or practices unlawful in violation of N.Y. Gen. Bus. Law § 349.

## FIFTH CAUSE OF ACTION
## (FALSE ADVERTISING UNDER NEW YORK STATE LAW)

58.     Paragraphs 1-57 above are realleged and reincorporated herein by reference as if set forth in full.

59.     Defendants are liable to Hasbro for false advertising in violation of N.Y. Gen. Bus. Law § 350.

## SIXTH CAUSE OF ACTION
## (INJURY TO BUSINESS REPUTATION AND DILUTION
## UNDER NEW YORK STATE LAW)

60.     Paragraphs 1-59 above are realleged and reincorporated herein by reference as if set forth in full.

61.     Defendants are liable to Hasbro for violations of N.Y. Gen. Bus. Law § 360-L.

## SEVENTH CAUSE OF ACTION
## (UNFAIR COMPETITION UNDER NEW YORK COMMON LAW)

62.     Paragraphs 1-61 above are realleged and reincorporated herein by reference as if set forth in full.

63.     Defendants are liable to Hasbro for unfair competition under New York Common Law.

## EIGHTH CAUSE OF ACTION
## (MISAPPROPRIATION UNDER NEW YORK COMMON LAW)

64.     Paragraphs 1-63 above are realleged and reincorporated herein by reference as if set forth in full.

11

65.     Hasbro has a property interest in the BUMBLEBEE Trademark and associated reputation and goodwill, which Hasbro, at significant expense, has built up through the use, advertising and promotion thereof.

66.     The conduct of Defendants and/or their licensees is commercially immoral and constitutes an attempt to profit from the labor, skill, expenditures, name and reputation of Hasbro.

67.     Defendants are liable to Hasbro for misappropriation under New York Common Law.

WHEREFORE, Plaintiff prays that the Court:

(i)     permanently enjoin Defendants' and/or their licensees' acts of trademark infringement, unfair competition, false advertising, deceptive acts and practices unlawful, injury to business reputation and misappropriation;

(ii)    award Hasbro compensatory damages as provided by law;

(iii)   award Hasbro statutory damages as provided by law;

(iv)    award Hasbro punitive damages as provided by law;

(v)     award Hasbro its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vi)    award Hasbro such other and further relief as the Court may deem just and

proper.

Dated:  New York, New York                    Respectfully submitted,
          August 28, 2017

                                              FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                              By: /s/ Maura J. Wogan
                                                  Maura  J. Wogan (MW9589)
                                                  Donna A. Tobin (DT2430)
                                                  Catherine M.C. Farrelly (CC5575)
                                              488 Madison Avenue, 10th Floor
                                              New York, NY  10022
                                              Tel:  212.980.0120
                                              Email: mwogan@fkks.com
                                                     dtobin@fkks.com
                                                     cfarrelly@fkks.com
                                              *Attorneys for Plaintiff Hasbro, Inc.*